UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
JUAN ROSADO and NICK OSORIO, on behalf :
of themselves and others similarly situated, :
                                                        *Plaintiffs*, :      **FLSA COLLECTIVE ACTION**
 - against –                                      :      **and RULE 23 CLASS ACTION**
                                                         :      **COMPLAINT**
SENIORCARE EMERGENCY MEDICAL :
SERVICES, INC., :
                                                         :      **Jury Trial Demanded**
                                  *Defendant.*     :
------------------------------------------------------------ x

        Plaintiffs JUAN ROSADO and NICK OSORIO ("Plaintiffs"), on behalf of themselves and other similarly situated employees, as class representatives, by and through their attorney, Mohammed Gangat, Esq., bring this action for damages against, and other legal and equitable relief from, defendant SENIORCARE EMERGENCY MEDICAL SERVICES, INC. ("Defendant") and allege, upon personal knowledge as to some matters and upon information and belief as to other matters, as follows:

## INTRODUCTION

        1.      This is a collective and class action brought under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") §§ 650 *et seq.* against to recover: (i) unpaid wages resulting from Defendant's policy of requiring off-the-clock work and (ii) statutory penalties under the New York Wage Theft Prevention Action ("WTPA") for failing to provide complete and accurate wage notice and periodic wage statements.

        2.      Plaintiffs, along with similarly situated current and former employees of Defendant, are non-exempt employees who, due to improper practices of Defendant, did not receive proper compensation for all hours worked, including hours beyond forty (40) hours per

1

workweek, and in some cases beyond ten (10) hours per workday, and received inaccurate, incomplete, wage notice and periodic wage statements.

3. In addition to the causes of action described above, Plaintiffs further plead any other cause(s) of action that can be inferred from the facts set forth herein.

4. Defendant is an ambulance service providing medical transportation and related services for a number of medical facilities in New York City.

5. Defendant's executive offices are located at 700 Havemeyer Avenue, Bronx, NY 10473.

6. Plaintiffs seek as relief on behalf of themselves and a proposed FLSA collective consisting of all similarly situated current and former employees who elect to opt into this action pursuant to the FLSA's collective action provision, the following: (i) unpaid wages; (ii) unpaid overtime; (iii) liquidated damages; (iv) prejudgment interest; (v) attorney fees and costs pursuant to the FLSA; and (vi) further relief as this Court finds necessary and proper.

7. Plaintiffs also bring this action, pursuant to the Fed. R. Civ. P. 23, on behalf of a class of all persons who are and were employed by Defendant during the past six (6) years through the final date of the disposition of this action who: (i) were not paid for all hours worked including hours worked above forty (40) in a workweek and above ten (10) in a workday, as required by the NYLL; (ii) were subjected to Defendant's willful failure to comply with the notice and record keeping requirements of NYLL § 195(1) and 195(3) resulting in penalties under NYLL § 198(1)(d).

8. Plaintiffs submit that the proposed collective and class be identified by, *inter alia*, including all employees who were not compensated by Defendant for all hours.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, 28 U.S.C. § 1337, which confers original jurisdiction upon this Court for actions arising under any Act of Congress regulating commerce, 28 U.S.C. § 2201, which confers original jurisdiction upon the filing of an appropriate pleading seeking to declare the rights and other legal relations of any interested party seeking such declaration, and 28 U.S.C § 2202, conferring original jurisdiction concerning further necessary or proper relief based upon a declaratory judgement.

10. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State and District in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices and conduct business in this district.

**PARTIES**

12. Plaintiff JUAN ROSADO is a resident of Flushing, New York.

13. Plaintiff NICK OSORIO is a resident of Jackson Heights, New York.

14. Defendant SENIORCARE EMERGENCY MEDICAL SERVICES, INC. is an active New York Corporation with a DOS Service of Process address as follows: "700 Havemeyer Avenue, Bronx, NY 10473"

15. Defendant transacted business in New York by employing Plaintiffs and others to work as emergency medical technicians ("EMTs").

16. Upon information and belief, at all times relevant to the allegations in this Complaint, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that its business of providing EMT services to hospitals in and around the City of New York constitutes interstate commerce.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring the first claim for relief pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated persons who elect to opt into this action and presently work for, or in the past have worked for, Defendant in the following collective class:

> All Emergency Medical Technicians working on the emergency response team/911 response team, employed in the State of New York, who were not compensated by Defendant for a portion of each work shift during the FLSA statutory period ("FLSA Class") while performing services for Defendant.

18. At all relevant times, Plaintiffs are and have been similarly situated to all FLSA Class members because while employed by Defendant they performed similar tasks, were subject to the same laws and regulations, were paid in the same or similar manner, were paid the same or similar rates, were not fully compensation for all hours worked.

19. Upon information and belief, Defendant treated all FLSA Class members similarly in requiring them to work without compensation for a portion of each shift, resulting in unpaid time.

20. Upon information and belief, Defendants treated all FLSA Class members similarly in requiring them to work in excess of forty (40) hours per workweek without adequate overtime compensation inasmuch as this resulted from such unpaid time.

21. Upon information and belief, Defendants treated all FLSA Class members similarly in failing to pay minimum wage inasmuch as this resulted from such unpaid time.

22. Unpaid time was informally referred to as "800'ing the ambulances" and included time spent stocking and servicing Defendant's ambulances.

23. In all, "800'ing the ambulances" accounted for approximately 15-20 minutes of unpaid time at the outset of each shift.

24. Defendant is therefore liable under the FLSA for, *inter alia*, failing to properly compensate the FLSA Plaintiffs and the FLSA Class members, and as such, notice should be sent to the FLSA Class members pursuant to 29 U.S.C. § 216(b).

25. There are numerous similarly situated current and former employees of Defendant who were subject to the conduct complained of herein and who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join the action.

26. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

27. Defendant's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Class. Defendant is and has been aware of the requirement to pay Plaintiffs and the FLSA Class for the aforementioned unpaid time, given that duties performed by Plaintiffs during that time were in direct furtherance of Defendant's business operations. Nonetheless, Defendant knowingly and willfully failed to pay Plaintiffs and FLSA Class members for a portion of time worked during each shift.

## RULE 23 CLASS ALLEGATIONS

28. Plaintiffs seek to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of those who, during the previous (6) years, were subjected to violations of

the NYLL.

29. The Class which Plaintiffs seek to define includes:

All Emergency Medical Technicians working on the emergency response team/911 response team, employed in the State of New York, who were not compensated by Defendant for a portion of each work shift during the NYLL Labor Law statutory period ("New York Class") while performing services for Defendant.

30. The persons in the New York Class identified are so numerous that joinder of all members is impracticable. Although Plaintiffs do not know the precise number of such persons, the facts upon which to base the calculation of that number are readily ascertainable since the identity, addresses, time records, work schedules, positions, and rates of pay for each Class member are determinable from Defendant's records. Notice can be provided pursuant to Fed. R. Civ. P. 23.

31. Upon information and belief, during the previous six (6) years, Defendant has, in total, employed well in excess of 100 persons as EMTs in the State of New York who were subject to Defendants' policy requiring employees to perform the task of "800'ing the ambulances" each work shift without compensation.

32. There are questions of law and/or fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to the following:

   a. whether members of the New York Class were required by Defendant to work "off the clock" prior to their shifts;

   b. whether members of the New York Class were paid the correct overtime wage for hours worked in excess of forty (40) hours per week;

   c. whether members of the New York Class were paid at or above the minimum wage for all hours worked;

    d. whether members of the New York Class were paid the spread of hours wages;

    e. whether Defendant kept accurate records of hours worked by members of the New York Class;

    f. whether Defendant gave members of the New York Class accurate wage statements and notice of pay statements; and

    g. whether Defendant has any affirmative defenses for any of these claims.

33. The claims of Plaintiffs are typical of the claims of the members of the New York Class sought to be represented. Plaintiffs and the other New York Class Members are or were employed by Defendant and have been subjected to its policies, patterns, or practices of failing to fully compensate them for all hours worked, which resulted in minimum wage violations, unpaid overtime, and unpaid spread of hours compensation.

34. Defendant employed Plaintiffs in the same or similar capacity as all members of the New York Class. All members of the New York Class were treated the same or similarly with respect to pay or lack thereof. Thus, there are common questions of law and fact which are applicable to each and every one of the members of the New York Class.

35. This treatment included, but was not limited to, failure to pay employees for a portion of each work shift, as well as failure to pay minimum, overtime, and spread-of-hours wages.

36. Plaintiffs will fairly and adequately represent and protect the interests of the members of the New York Class.

37. Plaintiffs have kept records from his time working for Defendant and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein. Additionally, Plaintiffs' attorney has substantial experience in this

field of law.

38. A class action is superior to other available methods for the fair and efficient adjudication of the NYLL claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a company. Class treatment of the New York Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgements about Defendant's practices. Plaintiffs have no facts relating to the class claims that are atypical from those of the class. Indeed, upon information and belief, Plaintiffs were treated identically to other members of the New York Class.

## STATEMENT OF THE FACTS

*Facts Pertaining to all Plaintiffs*

39. Defendant is an ambulance service providing medical transportation and related services for a number of medical facilities in New York.

40. In order to operate its ambulances, Defendant employs EMTs as hourly workers eligible for overtime under the NYLL and FLSA.

41. EMTs drive to and respond to calls for emergency services, and transport individuals to the hospital.

42. Defendant assigns each EMT an ambulance and a time for the start of the work shift.

43. Defendant allows employees to punch in for work up to five minutes prior to the scheduled start of the work shift.

44. Defendant requires that prior to the start of each work shift, each EMT perform a task called "800'ing the ambulance."

45. 800'ing the ambulance means stocking the ambulance with all the necessary supplies to ensure that the ambulance was fully stocked for all calls received during each shift.

46. Stocking the ambulance with supplies includes but is not limited to making sure ambulance had oxygen tanks, airway supplies, cardiac supplies, glucometers, neck collars, splint boards, and medicine.

47. 800'ing the ambulance also includes checking the lights, cleaning the ambulance from the previous shift's usage, and checking the bunker gear.

48. Defendant requires that 800'ing be completed and the EMT be ready to "roll" off the hospital/garage exit ramp prior to the start of each scheduled work shift.

49. The process of 800'ing routinely takes approximately 20 minutes, yet Defendant's policy is to only pay 5 minutes.

50. From between approximately February 1, 2017 to May 9, 2018, Plaintiff Rosado was employed as an EMT subject to Defendant's policy of requiring EMTs to routinely spend approximately 20 minutes 800'ing the ambulance at the outset of each work shift and not paying EMTs for all of that time.

51. Plaintiff Rosado was subject to this policy while employed as an EMT on the emergency response team servicing Mount Sinai Beth Israel Hospital & Medical Center, 16 1st Ave, New York, NY 10009 and remained with the emergency response team until he was assigned to another role on May 9, 2018.

52. Plaintiff Osorio from approximately March 1, 2019 to December 13, 2019 was employed as an EMT subject to Defendant's policy of requiring EMTs to routinely spend approximately 20 minutes 800'ing the ambulance at the outset of each work shift and not paying EMTs for all of that time.

53. Plaintiff Osorio was subject to this policy while employed as an EMT on the emergency response team servicing St. Barnabas Hospital & Medical Center, 183 3rd Ave, Bronx, NY.

54. Plaintiff Rosado's regular work hours were 8pm to 8am, four days per week.

55. Plaintiff Osorio's regular work hours were 9pm to 9am, two days per week.

56. As part of their respective response teams, Plaintiffs were required to perform ambulance preparation duties.

57. Plaintiffs were never compensated for time spent performing said preparatory duties.

58. Defendant was responsible for hiring Plaintiffs, paying Plaintiffs, and for scheduling Plaintiffs for work each week.

59. Defendant unlawfully reduced Plaintiffs' compensation by not allowing them to clock in while performing some of their job duties.

60. Upon information and belief, Plaintiffs and those similarly situated have been treated uniformly by Defendant.

61. At all relevant times, Defendant controlled all terms and conditions of Plaintiffs' employment.

62. Defendant has been aware of this illegal practice and was consciously disregarding the requirements of the FLSA and NYLL.

63. The uncompensated activities performed by Plaintiffs were in direct furtherance of Defendant's business operations. Thus, Defendant should have been aware that these activities were compensable under the law.

64. As such, the practice of withholding compensation for required preparatory duties

performed by emergency response staff amounts to Defendant's knowing and willful violations of the law.

65. As a result of these violations, Plaintiffs were deprived of statutorily mandated overtime pay, minimum wage, and spread of hours pay.

## CAUSES OF ACTION

### First Cause of Action

### For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ et seq.

66. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

67. Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

68. The overtime wage provisions set forth in 29 U.S.C §§ 201, et seq., apply to Defendant.

69. Defendant's policy of requiring employees to performing their job duties prior to clocking in caused FLSA Plaintiffs to not be compensated for a portion of each shift.

70. Said policy caused FLSA Plaintiffs to receive less than the correct amount of minimum wage and overtime pay.

71. As a result of Defendant's willful failure to compensate FLSA Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated, and continue to violate, the FLSA.

72. As a result of Defendant's willful failure to record, credit and/or compensate FLSA Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of

employment, in violation of the FLSA.

73. As a result of Defendant's FLSA violations, FLSA Plaintiffs are entitled to recover from Defendant: (a) minimum wage compensation; (b) overtime compensation; (c) an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (d) reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C §216(b).

74. Because Defendant's violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C § 255.

## Second Cause of Action

## for Violation of the New York Labor Law §§ 650 et seq.

75. Plaintiffs, on behalf of themselves and the New York Class, re-allege and incorporate by reference all proceeding paragraphs above as if they were set forth again herein.

76. Defendant employed Plaintiffs, and employed or continues to employ, each of the New York Class members within the meaning of the NYLL.

77. Defendant has engaged in a widespread pattern and practice of violating the minimum wage, overtime wage, and spread of hours provisions of Article 19 of the NYLL and its supporting regulations, as detailed in this Complaint.

78. The relevant provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant.

79. Defendant has failed to pay Plaintiffs and New York Class members the correct wages by withholding from them wages for compensable work activities, resulting in minimum wage violations, unpaid overtime wages, and unpaid spread of hours wages.

80. By virtue of Defendant's failure to pay Plaintiffs and the New York Class

members all wages due, Defendant willfully violated NYLL Article 19, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. 142-2.1, 12 N.Y.C.R.R. 142-2.2, and 12 N.Y.C.R.R. 142-2.4.

81. As a result of Defendant's willful violations of the NYLL as relates to the Plaintiffs, they and the New York Class members are entitled to recover from Defendant their unpaid wages, liquidated damages, pre-judgment and post-judgment interest, as well as reasonable attorney's fees and costs of this action.

82. Defendant's violations have caused Plaintiffs and the New York Class irreparable harm for which there is no adequate remedy at law.

### Third Cause of Action for Violation of the New York Labor Law

83. Plaintiffs, on behalf of themselves and the New York Class, re-allege and incorporate by reference all proceeding paragraphs above as if they were set forth again herein.

84. NYLL §195(3) requires that Defendant furnish each of its employees with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

85. NYLL § 195(4) requires, among other things, that Defendant establish and maintain, for at least six (6) years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

86. NYLL § 661 requires that Defendant maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

87. 12 N.Y.C.R.R. § 142-2.6 requires Defendant to establish, maintain, and preserve for six (6) years, weekly payroll records showing, *inter alia,* each employee's name, wage rate,

number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

88. 12 N.Y.C.R.R. § 142-2.7 requires Defendant to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

89. Defendant did not provide Plaintiffs or the New York Class with accurate or truthful requisite notices and statements described above in the foregoing paragraphs.

90. As a result of Defendant's failure to comply with the notice and recordkeeping requirements of NYLL § 195 (including subsections (3) and (4) thereof), Plaintiffs and members of the New York Class are entitled to recover from Defendant penalties as provided by NYLL § 198(1)(b), (d).

## Fourth Cause of Action for Breach of Contract

91. Plaintiff Rosado, independently and on his own behalf, re-alleges and incorporates by reference all proceeding paragraphs above as if they were set forth again herein.

92. In or around February 2017 Plaintiff Rosado was approached by Defendant's CEO Michael Batch, who suggested that Plaintiff Rosado, as an EMT class instructor, might be in position to recruit his students to work for Defendant.

93. In a subsequent meeting with Jerry Gumbo, Plaintiff Rosado entered into an oral agreement with Defendant whereby Plaintiff Rosado would receive a referral fee for anyone he recruited.

94. Mr. Gumbo had authority to enter into this agreement on behalf of Defendant.

95. According to the terms of said agreement, Plaintiff Rosado would receive a referral fee for each recruited employee that remains employed for a 90-day probation period

plus an additional three months.

96.    The referral fee was set at $125 for a full-time employee and $75 for a part-time employee.

97.    Plaintiff Rosado recruited approximately 25-30 employees that satisfied the referral fee criteria but was never paid by Defendant as required under the terms of the agreement.

98.    As a result of the breach of Defendant in the obligations pursuant to the oral agreement with Plaintiff Rosado, Plaintiff Rosado is entitled to additional compensation, which is now due, owing, and unpaid.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, JUAN ROSADO and NICK OSORIO, on behalf of themselves and all members of the FLSA Class and the New York Class employed by Defendant, demand judgement against Defendant as follows:

i.  At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA collective as defined herein. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join the lawsuit if they believe they were denied proper wages, including proper overtime wages;

ii. Designation of Plaintiffs as representative of the FLSA Class and New York Class, and Plaintiffs' counsel as class counsel;

iii. Equitable tolling of the FLSA stature of limitations as a result of the Defendant's failure to post requisite notices under the FLSA;

iv. Certification of this action as a class action pursuant to Rule 23 of the Civil Rules of

        Civil Procedure for purposes of the claims brought on behalf of all New York Class members under the NYLL and the New York Department of Labor Regulations promulgated thereunder;

v. Penalties under NYLL §§ 198(1)(b) and 198(1)(d) for Defendant's failure to comply with the notice and record-keeping requirements of NYLL § 195, including subsections (3) and (4) thereof;

vi. Demand a jury trial on these issues to determine liability and damages;

vii. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with it, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

viii. A judgement declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-2019, New York Labor Law §§ 650 *et seq.* and the New York Wage Theft Prevention Act § 195 of the New York Labor Law, as amended;

ix. All damages which Plaintiffs and all FLSA and New York class members have sustained as a result of Defendant's conduct, including back pay, liquidated damages, front pay, general and specific damages for lost compensation and job benefits they would have received but for Defendant's improper practices;

x. An award to the Plaintiffs and all FLSA and New York Class members representing Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

xi. An award to the Plaintiffs and all FLSA and New York Class members for the

amount of unpaid wages, including interest thereon, and penalties subject to proof;

xii. Awarding Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

xiii. Pre-judgment and post-judgment interest, as provided by law; and

xiv. Granting Plaintiffs and all FLSA and New York Class members other and further relief as this Court finds necessary and proper.

xv. Awarding Plaintiff Rosado on his breach of contract claim, compensatory damages in an amount to be determined at trial, plus prejudgment and postjudgment interest,

xvi. Awarding any and all other damages the Court deems just and proper.

Dated: New York, New York
February 24, 2020

**LAW OFFICE OF MOHAMMED GANGAT**

By: _/s Mohammed Gangat_
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiffs Juan Rosado, Nick Osorio, and the Proposed Class*