UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN ROSADO and NICK OSORIO, on behalf of themselves and others similarly situated,

                      Plaintiffs,

-against-

SENIORCARE EMERGENCY MEDICAL SERVICES, INC.,

                      Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/30/2020_
```

20 Civ. 1925 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiffs, Juan Rosado and Nick Osorio, bring this action against Defendant, SeniorCare Emergency Medical Services, Inc., for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq.* ECF No. 1. Having reached a settlement, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 19. For the reasons stated below, the motion is DENIED.

## DISCUSSION

### I.    Legal Standard

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v.*

*O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017).  To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'"  *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)).  Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous

billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Court cannot approve the proposed settlement because the parties have not provided the Court with enough information to evaluate the reasonableness of its terms. The proposed settlement provides Plaintiffs with a recovery of $17,500 to be allocated as follows: $6,304 to be paid to Rosado; $5,035 to be paid to Osorio; and $6,161 to be paid to Plaintiffs' counsel in attorneys' fees and expenses. Settlement Agreement ("Settlement") §§ 1(i)–(v), ECF No. 20; Letter at 1. The parties state that they engaged in arm's-length bargaining, and there is no evidence of fraud or collusion. Letter at 2. Though the parties agree that the amount each Plaintiff will receive is greater than the amount each would have received during trial, they do not state Plaintiffs' maximum recovery. *Id.* Rosado alleges that he was not compensated for approximately 66 hours, Compl. ¶¶ 49–51, 54; and Osorio alleges that he was not compensated for approximately 20.5 hours, Compl. ¶¶ 49, 52–53, 55. Without more information about their possible maximum recovery, the Court cannot evaluate whether the proposed settlement is reasonable. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) ("At a minimum, the Court requires evidence as to the nature of plaintiffs' claims, the *bona fides* of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, [and] the bases of estimates of plaintiffs' maximum possible recovery"). The Court concludes, therefore, that the Settlement does not satisfy the *Wolinsky* factors.

Because the Settlement does not contain a confidentiality provision or a non-disparagement provision, Letter at 1, *see* Settlement; the Settlement does not run afoul of the remedial provisions in the FLSA. *Cheeks*, 796 F.3d at 206. The release provision is "fair and

reasonable" because it only releases Defendant from wage and hour claims.  Settlement § 2; *Cheeks,* 796 F.3d at 206.  Accordingly, the Court finds these provisions permissible.

Turning to attorneys' fees, Plaintiffs' counsel seeks a fee of one-third of the settlement proceeds, in the amount of $5,661, plus expenses in the amount of $500, totaling $6,161.  Settlement § 1(v); Letter at 1.  The Second Circuit favors the percentage-of-the-fund method of calculating attorneys' fees because it "directly aligns the interests of [Plaintiff] and [his] counsel."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).  Contingency fees of one-third in FLSA cases are routinely approved in this Circuit.  *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).  As a check on the reasonableness of attorneys' fees, however, courts still calculate the total cost of attorneys' hours billed, previously known as the lodestar method.  *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).  Plaintiffs' counsel failed to submit contemporaneous time records, and, therefore, the Court cannot approve his request for attorneys' fees.  *Arango v. Scotts Co., LLC*, No. 17 Civ. 7174, 2020 WL 5898956, at *5 (S.D.N.Y. Oct. 5, 2020) ("Even where attorneys' fees are sought pursuant to the percentage of the fund method, 'counsel must submit evidence providing a factual basis for the award.'" (citations omitted)).

## CONCLUSION

The parties' motion for settlement approval is DENIED without prejudice to renewal.  By **January 15, 2021**, the parties are directed to file a revised settlement agreement in accordance with this order.

The Clerk of Court is directed to terminate the motion at ECF No. 19.

SO ORDERED.

Dated: December 30, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge